UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN
COURT FILE NO.: 20-cv-0728-JDP

| | |
|---|---|
| Scott Tolliver,<br><br>           Plaintiff,<br>v.<br><br>National Credit Systems, Inc.<br><br>           Defendants. | Rule 26(f) Report |

Pursuant to Fed. R. Civ. P. 26(f) and the Court's Standing Order Governing Preliminary Pretrial Conferences, Attorney John Steinkamp for the Plaintiff and Attorney Bradley Armstrong for Defendant, met by telephone on November 16, 2020, to prepare the following report.

**I.     NATURE OF THE CASE**

<u>Plaintiff's submission</u>: This action stems from Defendant's failure to note Plaintiff's account as disputed after receiving a dispute letter.

<u>Defendant's submission</u>:  National Credit Systems, Inc. (hereinafter, "NCS") denies that it has violated the FDCPA. NCS is not liable to Plaintiff for any amount. NCS states that at all times, it has accurately recorded and furnished credit information as it relates to the Plaintiff. Furthermore, any affirmative furnishing of credit information by NCS took place outside of the one-year statute of limitations period set forth in the FDCPA. As such, and all damages allegedly suffered by Plaintiff – which NCS denies actually exist – were not caused by NCS. Lastly, even if there were to have been a violation – which NCS denies – it would have been the result of a *bona fide* error notwithstanding the existence of policies and procedures reasonably adapted to prevent such error. Accordingly, NCS's collection efforts do not run afoul of the law and NCS is not liable to the Plaintiff in any amount.

1

**II.   RELATED CASES**

None.

**III.   MATERIAL, FACTUAL AND LEGAL ISSUES FOR TRIAL**

Plaintiff contends that the material issues arising from this case include:

A. The amount of damages to be awarded to Plaintiff.

Defendant contend that the material issues arising from this case include:

A. Whether the account is a "consumer" account;

B. Whether Plaintiff provided notice of his dispute to NCS;

C. Whether Plaintiff's cause of action is time-barred;

D. Whether NCS undertook an effort to collect the subject debt during the allegations at issue;

E. Whether the Plaintiff has standing to pursue his claims;

F. Whether the Plaintiff has suffered any damages as a result of any action or inaction taken by NCS'; and

G. Whether NCS has policies, procedures, or training with respect to maintaining compliance the FDCPA allegations at issue.

**IV.   PLEADINGS TO BE AMENDED**

At this time, the parties do not anticipate the need to amend their pleadings.  Defendant may amend its answer, as it related to its affirmative defense based on bona fide error.

**V.   NEW PARTIES**

At this time, the parties do not anticipate the need to add additional parties.

**VI.   ESTIMATED TRIAL LENGTH**

The parties believe that a trial in this case will last 2 days.

**VII.  ANY OTHER MATTER AFFECTING THE JUST, SPEEDY AND INEXPENSIVE DISPOSITION OF THIS CASE, OR WHICH THE COURT SHOULD TAKE INTO ACCOUNT IN SETTING THE SCHEDULE**

The parties agree to preserve electronically stored information ("ESI") native and most-reasonably searchable formats.  The parties agree to produce any electronically stored information, to the extent it is responsive to any proper discovery requests, in paper copy or PDF format. If necessary, the parties agree to confer with one another regarding any additional exchange or production.

**VIII.  RULE 26(f)(3) DISCOVERY PLAN**

The parties propose the following dates for filing of dispositive motions, witness disclosures and discovery cutoff:

- Rule 26(a)(1) initial disclosures shall be made to the opposing party no later than: 12/1/2020.
- Amendment of pleadings and naming of additional parties:  2/1/2021.
- Disclosure of expert witnesses and reports by Plaintiff with reports pursuant to Rule 26(a)(2)(B):  June 1, 2021.
- Disclosure of expert witness and reports by Defendants pursuant to Rule 26(a)(2)(B):  July 1, 2021.
- Dispositive motions:  August 1, 2021.
- Discovery cutoff:  July 1, 2021.
- Rule 26(a)(4) disclosures, Special Verdicts, Jury Instructions, and all Motions in Limine:  October 1, 2021.
- Objections to Motions in Limine, Jury Instructions, Special Verdicts:  October 15, 2021.
- Trial:  November 1, 2021.

Date: November 16, 2020

    /s/ Matthew C. Lein
Matthew C. Lein
State Bar No. 1084028
Attorneys for Plaintiff
**LEIN LAW OFFICES, LLP**
15692 Hwy 63 North
PO Box 761
Hayward, Wisconsin 54843
Telephone: (715) 634-4273
Facsimile: (715) 634-5051
mlein@leinlawoffices.com

Dated: November 16, 2020

s/Bradley R. Armstrong
Bradley R. Armstrong (WI #1096194)
Michael S. Poncin, (MN #296417)
MOSS & BARNETT, PA
150 South Fifth Street, Suite 1200
Minneapolis, MN 55402
Telephone: (612) 877-5359
Fax: (612) 877-5034
Bradley.Armstrong@lawmoss.com
Mike.Poncin@lawmoss.com
*Attorneys for Defendant*

4