IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

SCOTT TOLLIVER,

Plaintiff,

v.                                                                     OPINION and ORDER

NATIONAL CREDIT SYSTEMS, INC.,                                         20-cv-728-jdp

Defendant.

---

Plaintiff Scott Tolliver is suing defendant National Credit Systems, Inc. (NCS) under the Fair Debt Collection Practices Act (FDCPA) for failing to accurately report a disputed debt. NCS asserts several affirmative defenses in its answer, including that its conduct was a "bona fide error" under 15 U.S.C. § 1692k. Tolliver moves to strike this defense, contending that it isn't adequately pleaded in accordance with the Federal Rules of Civil Procedure. Dkt. 8. For the reasons explained below, the court agrees with Tolliver and will grant the motion to strike.

ANALYSIS

Under Federal Rule of Civil Procedure 12(f), a court may strike an "insufficient[ly]" pleaded defense from a defendant's answer. *See* Fed. R. Civ. P. 12(f). In this case, Tolliver challenges the sufficiency of NCS's "bona fide error" defense under 15 U.S.C. § 1692k(c). That provision states:

> A debt collector may not be held liable in any action under this subchapter if the debt collector shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

In its answer, NCS alleges the following in support of a bona fide error defense: "NCS is not liable to Plaintiff because any alleged violation, if true, was either unintentional or the result

of a *bona fide* error despite the maintenance of procedures reasonably adapted to avoid any such violation or error. See 15 U.S.C. § 1692k." Dkt. 5, Affirmative Defense 5 (emphasis in original).

The parties disagree about the standard the court should apply when determining whether a bona fide error defense is adequately pleaded. Tolliver says that the same standard that applies to pleading claims also applies to pleading defenses, and that a bona fide error is a type of "mistake," which is a type of claim that must be pleaded with particularity under Federal Rule of Civil Procedure 9(b). NCS says that an "error" and a "mistake" aren't the same thing, and it cites *Vanhuss v. Kohn Law Firm S.C.*, 127 F. Supp. 3d 980, 983–84 (W.D. Wis. 2015), for the proposition that it is unclear whether Rule 9(b) requires a party to plead its *own* mistake (as opposed to the other party's) with particularity. Instead, NCS says that *Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286 (7th Cir. 1989), is controlling, so all that is required is a "short and plain statement of the defense." *Id.* at 1294.

NCS is correct that neither the Court of Appeals for the Seventh Circuit nor this court has decided whether Rule 9(b) applies to a bona fide error defense. In *Vanhuss*, the court assumed that it did because the defendant satisfied even the heightened standard. Specifically, the defendant in that case alleged the following to support its bona fide error defense:

> Any alleged violations were not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error. At the time of the garnishment, the defendants reasonably believed that Joint Effects was a sole proprietorship rather than a partnership based upon statements and representations made by VanHuss. Specifically, during a pre-trial conference . . . VanHuss stated that she was a sole proprietor. The defendants have processes and procedures in place to avoid the filing of bank garnishments that would knowingly result in the attachment of funds to which the defendants are not entitled, and those processes and procedures

were in place at the time of the events allegedly giving rise to this
lawsuit.

*Id.* at 982. The court concluded that the defendant satisfied Rule 9(b) by pleading the "who,

what, when, where, and how" facts applicable to the defense. *Id.* Specifically, the defendant

identified what the mistake was, when, where, and how it occurred, and who caused it.  In this

case, NCS hasn't alleged any of those things, so it hasn't satisfied Rule 9(b).

But even if the *Heller* standard is controlling, NCS hasn't satisfied that standard either.

Under *Heller*, a defendant's "short and plain statement" must be more than "conclusory

allegations" and "restatement[s]" of the defense. 883 F.2d at 1295. And that's all that NCS

has provided. NCS doesn't identify what the error was or the procedures it used to avoid the

error. Rather, NCS simply restated the language of the defense. That's not enough under *Heller*,

so the court will grant Tolliver's motion to strike.

As *Heller* notes, courts generally grant a party leave to replead when a claim or defense

is dismissed as inadequately pleaded. In this case, if there are facts supporting the bona fide

defense, they should be in NCS's possession. So the court will give NCS two weeks to file an

amended answer that identifies any facts that support the defense.

ORDER

IT IS ORDERED that plaintiff Scott Tolliver's motion to strike defendant NCS's fifth

affirmative defense, Dkt. 5, is GRANTED, and that defense is DISMISSED. NCS may have

3

until March 9, 2021, to file an amended answer, if it wishes to do so. If NCS fails to respond

by that date, the dismissal will be with prejudice.

Entered February 23, 2021.

BY THE COURT:

/s/

_____

JAMES D. PETERSON
District Judge