IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

| | |
|---|---|
| SCOTT TOLLIVER, | |
| Plaintiff, | |
| v. | OPINION and ORDER |
| NATIONAL CREDIT SYSTEMS, INC., | 20-cv-728-jdp |
| Defendant. | |

---

Defendant National Credit Systems, Inc. seeks fees and costs in this case brought under the Fair Debt Collection Practices Act (FDCPA). Dkt. 88. The court isn't persuaded that National Credit is entitled to fees, so it will deny that aspect of the motion. And because National Credit doesn't clearly identify in its motion what its costs were, the court will deny that aspect of the motion without prejudice to National Credit filing a bill of costs within seven days. These conclusions moot plaintiff Scott Tolliver's motion for an extension of time to respond to National Credit's fees and costs petition. Dkt. 93.

BACKGROUND

Tolliver sued National Credit on the theory that it failed to inform credit reporting agencies that he disputed two debts held by National Credit, in violation of 15 U.S.C. § 1692e(8), which prohibits debt collectors from "[c]ommunicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed." The court granted National Credit's motion for summary judgment, concluding that Tolliver failed to show that he had standing to sue and that National Credit had proven as matter of law that it was entitled to its defense under 15 U.S.C. § 1692k(c) because any violation "was not

intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error." Dkt. 86.

## ANALYSIS

**A. Fees**

Kohn relies on four sources of authority to support its motion for fees. First, under the FDCPA, the court may award fees to a prevailing defendant if the court finds that the "action . . . was brought in bad faith and for the purpose of harassment." 15 U.S.C. § 1692k(a)(3). Second, under 28 U.S.C. § 1927, the court may award to any party "attorneys' fees reasonably incurred because" of an attorney's conduct that "multiplies the proceedings in any case unreasonably and vexatiously." Third, "a court has the inherent authority to impose sanctions for actions taken in bad faith, vexatiously, wantonly, or for oppressive reasons." *Morjal v. City of Chicago*, 774 F.3d 419, 421 (7th Cir. 2014) (internal quotation marks omitted). Fourth, under Federal Rule of Civil Procedure 68(d), "[i]f the judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made."

**1. Bad faith**

The first three authorities are in substantial alignment: they give the court discretion to award fees as a sanction for bad faith litigation conduct by FDCPA plaintiffs, just as the court has the ability to sanction any party or counsel for abuse of the litigation process. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 45–46 (1991); *Royce v. Michael R. Needle P.C.*, 950 F.3d 939, 958 (7th Cir. 2020); *Marx v. General Revenue Corp.*, 668 F.3d 1174, 1178 (10th Cir. 2011), *aff'd*, 568 U.S. 371 (2013). In this case, National Credit says that Tolliver's claim was brought in

bad faith because it was "patently frivolous." Dkt. 88, at 12. National Credit also discusses the discovery process in this case, suggesting that Tolliver's conduct was abusive and harassing. *Id.* at 2–8.

### a. Frivolous claims

The court didn't find in the summary judgment decision that Tolliver's claim was frivolous, and National Credit hasn't shown now that it was. The law on standing in the context of consumer-law claims has been in flux in recent years, and it continues to develop. In one recent case, each of three judges on a panel issued a separate opinion to articulate their understanding of the state of law. *See Markakos v. Medicredit, Inc.*, 997 F.3d 778 (7th Cir. 2021). In this case, Tolliver relied on both *Evans v. Portfolio Recovery Associates*, 889 F.3d 337 (7th Cir. 2018), and *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190 (2021), to support standing. The court disagreed with Tolliver's interpretation of those cases, but Tolliver's position was not so unreasonable that it qualifies as frivolous or supports a finding of bad faith. National Credit cites no authority to the contrary.

As for the question whether National Credit was entitled to the bona fide error defense under § 1692k(c), the primary issue was whether National Credit was required to put the relevant procedures in writing. Neither side cited controlling authority on the issue. Ultimately, the court was persuaded that National Credit's procedures were reasonable, but Tolliver's contention to the contrary wasn't frivolous. Again. National Credit cites no authority supporting a finding of bad faith on the issue.

Instead of citing case law that supports its request for fees, National Credit says that Tolliver's claim was frivolous because Tolliver has admitted four things: 1) he owes the debt at issue; 2) he sought only statutory damages; 3) he did not personally write the dispute letters

3

to National Credit; and 4) he never followed up with National Credit to ensure that his letters were received. But National Credit doesn't explain why any of those admissions show that Tolliver's claim was frivolous. Some of these admissions suggest that any harm to Tolliver was limited, but Tolliver didn't rely on a theory of damages based on an incorrect amount of the debt or other actual damages. *See Evans*, 889 F.3d at 346–47 ("[The FDCPA] does not require an individual's dispute be valid or even reasonable."). Rather, Tolliver's primary theory was that National Credit's alleged violation subjected him to a risk of financial and reputational harm. The court ultimately rejected that theory, but Tolliver's view of the law wasn't frivolous.

### b. Discovery abuse

National Credit devotes a significant portion of its brief to a discussion of the discovery process in this case. A federal court may award attorney fees as a sanction when a party "has acted in an objectively unreasonable manner by engaging in a serious and studied disregard for the orderly process of justice." *Lightspeed Media Corp. v. Smith*, 761 F.3d 699, 708 (7th Cir. 2014) (internal quotation marks omitted). But National Credit doesn't apply or even acknowledge that standard. National Credit says that Tolliver's discovery requests were "voluminous," "completely out-of-hand," "oppressive," "burdensome," and "harass[ing]," Dkt. 88, at 2–6, but it doesn't explain why any particular discovery request was unlawful or unreasonable. In fact, the depositions that National Credit is now complaining about provided significant support at summary judgment to National Credit's affirmative defense that any violation of the FDCPA was a bona fide error.

This is not to say that discovery proceeded smoothly in this case. Magistrate Judge Stephen Crocker granted National Credit's motion for a protective order and closed discovery, concluding that the small stakes of the case didn't justify additional discovery. Dkt. 45. But

the magistrate judge found fault with both sides, concluding that "the breadth and depth of both sides' proffers and accusations of their opponent's discovery misconduct in this case establish that more discovery in this case will simply lead to more rancor and more undue expenditure of time and money by everyone involved." *Id.* at 3. In any event, National Credit received substantial relief from the protective order. National Credit hasn't shown that Tolliver's discovery conduct up to that point was so extreme that it justifies an award of attorney fees.

### 2. Rule 68

National Credit also argues that it is entitled to fees under Rule 68(d) because Tolliver rejected National Credit's offer of judgment before the court granted National Credit's summary judgment motion. This argument fails for two reasons.

First, the plain language of Rule 68(d) applies to "costs." That term includes attorney fees "where the underlying statute defines 'costs' to include attorney's fees." *Marek v. Chesny*, 473 U.S. 1, 9 (1985). The FDCPA treats costs and attorney fees as separate, *see* 15 U.S.C. § 1692k(a)(3), so Rule 68(d) would not permit an award of fees to National Credit in this case. *See Valencia v. Affiliated Grp., Inc.,* 674 F. Supp. 2d 1300, 1305 (S.D. Fla. 2009).

Second, "Rule 68 costs are available only when a plaintiff obtains judgment in her favor, but recovers less than the settlement offer. It does not apply to a case like this one, where the judgment is for the defendant." *Tidemann v. Nadler Golf Car Sales, Inc.*, 224 F.3d 719, 726 (7th Cir. 2000).

National Credit hasn't shown either that Tolliver acted in bad faith or that Rule 68(d) authorizes an award of fees in this case. The court will deny National Credit's request for fees.

**B. Costs**

Costs are generally awarded to a prevailing plaintiff or defendant as a matter of course under Federal Rule of Civil Procedure 54(d)(1). But National Credit's motion doesn't clearly itemize its costs and fees separately, so the court will deny the request for costs without prejudice.

ORDER

IT IS ORDERED that:

1. Defendant National Credit Systems, Inc.'s motion for fees and costs, Dkt. 88, is DENIED. The request as to fees is denied with prejudice. The request as to costs is denied without prejudice.

2. National Credit may have until October 20, 2021, to file a bill of costs.

3. Plaintiff Scott Tolliver's motion for an extension of time, Dkt. 93, is DENIED as moot.

Entered October 13, 2021.

BY THE COURT:

/s/

_____

JAMES D. PETERSON
District Judge